## E. A. DURHAM v. THE STATE.

### No. 2808.   Decided October 28, 1903.

**1.—Evidence—Withdrawal of Inadmissible Testimony.**

Where, in a prosecution for abortion, the prosecutrix was permitted over the objection of the defendant to testify to the contents of certain telegrams, the originals not having been accounted for, and the court, after the testimony was closed and the argument of counsel had proceeded on both sides, withdrew this testimony from the jury and instructed them verbally not to consider it, yet in the closing speech of the State's counsel he alluded to this testimony as having been withdrawn for technical reasons; the action of the trial court in admitting the testimony was nevertheless reversible error, as such testimony was of a most material character and damaging to the accused and its withdrawal from the jury did not cure the error.

**2.—Same—Charge of Court.**

A charge of the court which in limiting the effect of the testimony of an absent witness and which was admitted to be true, to a different time than that in the agreed statement at which it should have occurred, is erroneous.

**3.—Continuance—Impeaching Testimony.**

See facts stated in the opinion which upon defendant's application for continuance are held to be but impeaching testimony and therefore insufficient.

Appeal from the District Court of Robertson.   Tried below before Hon. J. C. Scott.

Appeal from a conviction for abortion; penalty, three years imprisonment in the penitentiary.   No statement necessary.

*Firlets & Bailey* and *Crawford & Bartholomew,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of abortion, and his punishment assessed at confinement in the penitentiary for three years.

The record discloses that by reason of illicit intercourse with Emmet Donovan, Lula Beaty became pregnant.   The State's theory is that Donovan induced the girl to go with him from Wichita Falls to Calvert, for the purpose of having appellant bring about an abortion.   En route, they spent the night at a hotel in Fort Worth.   Lula Beaty testified that on Monday evening, while she and Donovan were in Fort Worth, she saw a telegram which Donovan sent E. A. Durham, at Calvert, saying, "Is everything all right?   Will be down tonight?"   She further testified she saw an answer from Durham to Donovan, saying, "Don't come tonight.   Come tomorrow night."   This testimony was admitted over appellant's objection that the telegrams were the best evidence, and their absence had not been accounted for, and the evidence offered was secondary and not the best evidence.   The court qualifies the bill by stating, "that the evidence was admitted over the objection of defendant; but after the evidence was closed and after the county attorney for the State and one of defendant's attorneys had argued the case and commented on

this evidence I withdrew the evidence from the jury and in my charge to the jury specially instructed them not to consider the same in any way." Another bill reserved to the argument of the district attorney in his closing speech discloses that he told the jury that the telegrams were only withdrawn by the court because the same were secondary evidence, and that technically said telegrams were inadmissible, but that the same were true, but could not be considered by the jury on account of said technicality, and because the court had withdrawn the same. All this was excepted to and a verbal instruction given the jury by the court not to consider the remarks of the district attorney, as the telegrams and contents had been withdrawn from their consideration. This evidence in regard to telegrams was clearly inadmissible. Chester v. State, 23 Texas Crim. App., 577. It was of a most material character, if true and properly proved, because the State relied upon a conspiracy between appellant and Donovan to bring about an abortion on the girl Donovan had seduced and ruined. If the telegrams had passed as indicated by the testimony of the girl, taken in connection with other facts, they cogently tended to show the girl was carried from Wichita Falls to Calvert by previous agreement between appellant and Donovan, for the purpose of causing the abortion by appellant. Decisions of courts have not made it clear just how far testimony can be admitted that is damaging in its character, and subsequently withdrawn from the consideration of the jury. The marginal line between reversible error and error not reversible in such cases seems not to be very clear. But if it results in damage to the accused and serves to bring about a verdict against him or enhance the punishment, it requires the granting of a new trial or reversal. We believe the testimony here admitted, although withdrawn, is of that character. It was one of the most cogent facts in the whole case tending to show a conspiracy between the parties.

Exception was reserved to the charge because in limiting the effect of the testimony of Clarence Price, the absent witness whose testimony was admitted to be true, the court limited its effect to a different time than that specified in the agreed statement at which it should have occurred. This part of the charge is erroneous, and in limiting the force and effect of this testimony, if it should occur upon another trial, it should be limited to the proper time.

The matters complained of with reference to the action of the district and county attorney in regard to a simulated or bogus telegram will not occur upon another trial, and therefore is not here reviewed.

The matter with reference to the truthfulness of the statement of the absent witness Price to defeat the application for continuance may not arise upon another trial. The attendance of this witness may be secured. The admission in regard to his testimony was to the effect that Lula Beaty made certain statements to him on the night she was taken sick at the hotel in Calvert. The truthfulness of his testimony was admitted by the State. Lule Beaty and appellant both testify to the same state-

ment.   The State did not controvert the fact that she made these statements, but introduced her written statement in which this testimony was set out.   It was but impeaching testimony, for while she admitted that she made the statements at the time about which Price would have testified, she stated they were false, and such statements could only be used to contradict her testimony on the trial as she then purported to give the real facts.   The judgment is reversed and the cause remanded.

*Reversed and remanded.*