### FRANK THOMPSON v. THE STATE.

#### No. 2024.    Decided June 20, 1900.

1. **Theft of Cattle—Opinion Evidence—Identification of Property.**

On a trial for theft of cattle, where a witness testified that the sheriff had telephoned him that he had captured the thief and wanted him to come and identify defendant's horse, and that he went to the place and did identify the horse and pointed him out among other horses, Held, the evidence was inadmissible and incompetent, since it was simply opinion evidence of the sheriff that defendant was the theif and opinion evidence of the witness that the horse he pointed out was defendant's. Following Cannada v. State, 29 Texas Criminal Appeals, 537.

2. **Same—Alibi—Charge.**

On a trial for theft of cattle, where the evidence tended to show defendant's presence in charge of the cattle some twenty-five or thirty miles from where said cattle were taken, and the charge upon alibi required defendant's absence not only from the original taking but also from the possession of the cattle en route and at the place twenty-five or thirty miles distant, Held, error; the alibi did not depend upon the concurrence of both facts.

**3. Same—Evidence—Contemporaneous Thefts.**

On a trial for cattle-theft, where the prosecution relied upon circumstantial evidence, testimony is admissible to show that other animals were found in possession of the accused parties that had disappeared at the same time as the animal alleged in the indictment. It was part of the res gestae of the transaction and admissible as tending to develop the case.

APPEAL from the District Court of Fannin. Tried below before Hon. E. S. CHAMBERS.

Appeal from a conviction of theft of one head of cattle, the property of G. F. Cain; penalty, three years imprisonment in the penitentiary.

The animal was missed from her range in August, 1897. It was offered for sale on the 24th of August at Honey Grove, twenty-five miles from where defendant lived, and the testimony tended to show that defendant was at home on that day.

Fred Williamson was permitted by the court, over defendant's objection, to testify as follows: "The day after Constable J. E. Hammett (another State's witness) or the same day said Hammett arrested defendant on this charge, Hammett telephoned me that he (Hammett) had arrested one of the cattle thieves and for me (Fred Williamson) to come up and identify the horses. I (Williamson) came to Bonham at once and went to the jail where defendant was confined on this charge and found Hammett there, at the jail, and he (Hammett) told me to go to the wagon yard and see if I (Williamson) could pick out defendant's horses. I went into the wagon yard, there, adjoining the jail yard, and walked around the wagon yard, which was nearly full of horses, going first to the left, and after I had gone nearly around the wagon yard I picked out the two horses that I had seen the cattle thieves riding in Honey Grove in August, 1897."

No witness testified that the horses which said Williamson picked out were the same horses which witness Hammett swore he found in defendant's possession when he arrested him in Bonham that day or the day before. Hammett himself does not pretend to identify but one of the horses. Williamson swears that defendant was confined in jail at the time he (Williamson) did the things testified about and was not present, and there is no testimony that the defendant had any knowledge of said Williamson's acts or ratified or confirmed the same, or assented to same, and nothing even tending to show that defendant had been warned.

Defendant requested the following instructions which the court refused to give, to wit: "The testimony in this case shows that the cattle alleged to have been stolen were driven to and offered for sale in Honey Grove, Texas, on the 24th day of August, 1897, and I charge you that if you believe from the evidence that on said day the defendant was at home or at some other place than where said cattle were so driven and offered for sale, or if you have a reasonable doubt as to whether the defendant was present and participated as one of the parties in such driving and offering for sale, or as to whether he was on said day at

some other place away from where it occurred, then you will acquit the defendant.

"If you believe from the evidence before you beyond a reasonable doubt that G. F. Cain's cow was stolen and driven to Honey Grove by one or more persons and you further believe that such stealing and driving was on the 24th day of August, 1897, yet if you should believe that on said 24th day of August, 1897, the defendant was at home or was at some other place than Honey Grove when such stealing and driving occurred, or if you have a reasonable doubt as to whether the defendant was present and participated as one of the parties in such stealing and driving, or if you have a reasonable doubt as to whether the defendant was at some other place away from where such stealing and driving did occur, then you will acquit the defendant.

"Before you can· convict the defendant you must not only believe beyond a reasonable doubt that G. F. Cain's cow was stolen, but you must also believe from the evidence beyond a reasonable doubt that the defendant was connected with the stealing and driving of the same at the time the evidence adduced before you shows such cow was stolen and driven (if it does show such stealing and driving)."

*J. C. Hodges, Agnew & Duncan,* and *Thos. P. Steger,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft of cattle, and his punishment assessed at confinement in the penitentiary for a term of three years.

Fred Williamson was permitted to testify that on the day Officer Hammett arrested defendant in Bonham on the charge contained in the indictment, Hammett telephoned him that he "had arrested one of the cattle thieves," and requested witness to come to Bonham and identify certain horses. Witness went to Bonham and at once to the jail where defendant·was confined on this charge, and there found Hammett, who ordered him to go to a wagon yard to ascertain if he (witness) could pick out defendant's horses. Witness went, and after walking around awhile inside the yard, which was well filled with horses, selected two which he stated he had seen the "cattle thieves riding in Honey Grove in August, 1897." Well-founded objections were urged to this testimony. The State could not introduce the statement of Hammett that defendant was one of the cattle thieves, nor prove the acts of the witness Williamson in picking out the horses in the absence of defendant, nor the fact that he did so identify them. Cannada v. State, 29 Texas Crim. App., 537. These were opinions of Hammett and Williamson, and matters occurring between them by which defendant was in no way bound; nor could these matters be used as evidence against him, and it is of such a nature as to require a reversal of this judgment.

We will not enter into a discussion of the action of the court refusing the continuance. It will not so occur upon another trial, and, if so, the matter will come in a different way.

The charge of the court in reference to alibi is criticised, as well as the refusal to give special instructions in regard to this phase of the law. This charge required appellant's absence, not only from the original taking, but also from the possession of the cattle en route and at Honey Grove. The State relied upon testimony which tended to show the presence of appellant at Honey Grove as one of the two parties in charge of the cattle. Honey Grove was twenty-five or thirty miles from where the cattle were taken. This, and the further fact that the alleged codefendant, Moore, was riding a horse similar to one owned by defendant, constituted the main inculpatory facts. This is a case of circumstantial evidence, depending upon possession of recently stolen property. He may have been in possession of the property after it was stolen, and be guilty only of receiving stolen property, and not of the theft. It was error to charge the jury that it was necessary for appellant to be absent from both the taking and subsequent driving. The alibi did not depend upon the concurrence of both facts. We believe the testimony in regard to other stolen cattle, under the peculiar facts of this case, was admissible. As before stated, the State relied upon circumstances, and these show that the other two animals were found at Honey Grove in possession of two parties. They disappeared at or about the same time as that alleged in the indictment. It was part of the res gestae of the transaction, and it was permissible to show, in developing the case, the possession of the other two animals. The case as to the one charged could not well be made out without showing possession on the part of the parties of the other two animals. The court correctly admitted this testimony. It was properly limited by the charge. The judgment is reversed and the cause remanded.

*Reversed and remanded.*