## SAM GRANT v. THE STATE.

### No. 832. Decided November 23, 1910.

**1.—Murder—Charge of Court—Accomplice.**

Where, upon trial of murder, the court instructed the jury that they could not find defendant guilty upon the testimony of an accomplice unless they first believed that such testimony was true and showed or tended to show that the defendant was guilty as charged in the indictment, and that they could not convict defendant unless there was other evidence tending to connect the defendant with the commission of the offense, etc., the same was reversible error. Following Fruger v. State, 56 Texas Crim. Rep., 393, and other cases.

**2.—Same—Form of Charge on Accomplice Testimony.**

The contention of the State that the testimony of the accomplice comprised within itself every fact essential to conviction, and that therefore the court's charge on accomplice testimony was not reversible error, is untenable. See opinion for charge on accomplice testimony as laid down in Campbell v. State, 57 Texas Crim. Rep., 301, and other cases.

**3.—Same—Charge of Court—Robbery—Malice Aforethought.**

Where, upon trial of murder, there was evidence that the killing was committed in an attempted robbery, it was reversible error for the court to charge the jury that if any person in the perpetration or in the attempt to perpetrate robbery upon another, shall take the life of such other, he shall be deemed guilty of murder, and a murder committed under such circumstances is per se murder of the first degree; the vice in this charge being that it authorized a conviction in the absence of malice. Following Oates v. State, 51 Texas Crim. Rep., 449, and other cases.

**4.—Same—Charge of Court—Requested Charges.**

Where the matters covered by the special charges were sufficiently embodied in the court's main charge, there was no error in refusing same.

Appeal from the District Court of Eastland. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

*J. R. Stubblefield,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On January 17 of this year appellant was indicted by the grand jury of Eastland County charged with the murder of one Oats. The case came to trial soon thereafter and on the 10th day of February following on a verdict finding him guilty of murder in the first degree and assessing his punishment at death, judgment was accordingly entered in the trial court.

The appeal was duly perfected, and the case comes to this court for revision on forty-nine different assignments of error, many of which were elaborately briefed by counsel for appellant. Some of these questions, which occupy much space in the record, relate to the action of the court taken in respect to the special venire, its service, qualification and similar matters, but in view of the fact that the case will be reversed upon other grounds, and since these matters are not at all likely to occur on another trial, it seems unnecessary to take time to review them.

1. Many other questions relate to the admission of evidence which we have examined, and an inspection of the record has not constrained us to believe that any of them are well taken. We think, however, the charge of the court in at least one respect is, under the settled rules of this State, erroneous, and for this error the judgment of conviction must be set aside. The witness Bert Carter, who was, under all the testimony, an accomplice, testified that on the morning of the 17th day of February, 1909, he was at the home of appellant where he saw an old man, whose name was shown to be Oats, who left appellant's home on that day going south on the public road in the direction of what is known as the Okra schoolhouse. That they followed him until he went into the home of one Clevy Cozort, where he stopped for the night; that he and appellant had followed him, because they thought he was a detective, and that after leaving him at Cozort's house, and after they had started home they agreed to follow him the next day and kill him for his money, and that in pursuance of this agreement they did on the following day, February 18, 1909, follow him, and when near the Okra schoolhouse, in Eastland County, they intercepted him, and that appellant shot him and took from his person $18.35 in money, which they divided; that only one shot was fired, and this by appellant. The testimony of Carter was savagely assailed. It was shown that he had been charged

with offenses involving moral turpitude, and that he' had turned State's evidence under agreement of immunity. A singular circumstance also was shown in that the body of Oats seems to have been struck by bullets in the face and also almost squarely in the back, which it would seem would have been impossible if only one shot was fired. A number of parties saw Carter and appellant together the evening before the killing, and corroborated Carter in respect to a number of happenings which transpired on that day. There was some corroboration of Carter's testimony showing appellant with Carter on the day of the killing and not far from the scene of the homicide, armed with a gun, and stalking through the country. This was not so direct, however, as that the jury necessarily would have connected him with the transaction.

In this state of the record the court, among other things, charged the jury as follows: "I charge you that the witness Bert Carter is an accomplice. A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. You are instructed that you can not find the defendant guilty upon the said Bert Carter's testimony unless you first believe that the testimony of said Bert Carter is true, and that it shows or tends to show that the defendant is guilty as charged in the indictment, and unless you further believe that there is other evidence in the case, outside the testimony of the said Bert Carter, tending to connect the defendant with the commission of the offense charged."

Almost this precise charge has been many times condemned by this court. It was excepted to and its accuracy questioned in motion for new trial for the following reasons, among others: "Said charge of the court was erroneous for the further reason that it authorized the conviction of the defendant upon the testimony of an accomplice, if the said testimony of such accomplice tended to show that the defendant committed the offense charged, provided the said accomplice was corroborated by other evidence, tending to connect the defendant with the commission of the said offense, whereas under the law the evidence must go further and show, beyond a reasonable doubt, that the defendant is guilty of the charge contained in the indictment." So that there can be no doubt that the matter is so presented, if appellant's contention is correct, as to be made here available as ground of reversal. The authorities holding this charge erroneous are unbroken in this State since the case of Bell v. State, 39 Texas Crim. Rep., 677. See Fruger v. State, 56 Texas Crim. Rep., 393; Maples v. State, 56 Texas Crim. Rep., 99; Early v. State, 56 Texas Crim. Rep., 61; Tims v. State, 130 S. W. Rep., 1003; Fruger v. State 50 Texas Crim. Rep., 621; Jones v. State, 44 Texas Crim. Rep., 557; Garlas v. State, 48 Texas Crim. Rep., 449; Hart v. State, 47 Texas Crim. Rep., 156; Crenshaw v. State, 48 Texas

Crim. Rep., 77; Washington v. State, 47 Texas Crim. Rep., 131; Barton v. State, 49 Texas Crim. Rep., 121; Dixon v. State, 15 Texas Ct. Rep., 26; Morawitz v. State, 49 Texas Crim. Rep., 366; Reagan v. State, 49 Texas Crim. Rep., 443; Oates v. State, 48 Texas Crim. Rep., 131; Barrett v. State, 55 Texas Crim. Rep., 182; Newman v. State, 55 Texas Crim. Rep., 273; Tate v. State, 55 Texas Crim. Rep., 397.

Nor do we think that the ingenious argument of our able Assistant Attorney-General is correct, that since in this case the testimony of the accomplice comprises within itself every fact essential to conviction, that the charge should, therefore be sustained. That this consideration would have weight with a legal mind trained in weighing testimony and construing charges, may be true, but we doubt if the average jury would so interpret and consider the case. In this connection we call attention to the fact that in view of the large number of reversals on account of charges similar to this, that in the case of Campbell v. State, 57 Texas Crim. Rep., 301, we laid down a form of charge on the subject of accomplice testimony for the use of the trial courts. Attention is also called to the fact that in the case of Brown v. State, 57 Texas Crim. Rep., 570, and in the case of King v. State, 57 Texas Crim. Rep., 363, we approved certain charges on the subject of accomplice testimony, which are quoted at length in these opinions. We beg to commend these forms to trial courts.

2. Again, complaint is made of the following portion of the court's charge: "If any person in the perpetration or in the attempt to perpetrate a robbery upon another, shall take the life of such other, he shall be deemed guilty of murder, and a murder committed under such circumstances is, per se, murder of the first degree." This charge was objected to, and is questioned on the ground that it authorizes a conviction for murder in the first degree without finding the existence of malice. This identical charge, with the exception of the words "per se" was condemned by this court in the case of Oates v. State, 51 Texas Crim. Rep., 449, where Judge Davidson, speaking for the court, says: "Upon another trial if thought necessary to give a charge upon this subject, it should be framed in accordance with the statute, which provides that all murder committed in the perpetration of robbery is murder in the first degree. To plainly state it, if a homicide is committed upon malice aforethought, it would be murder in the first degree if committed in the perpetration of robbery. All killing is not murder, and unless the killing amounts to murder in the first or second degree, it would not justify a conviction for that high grade of punishment when committed in the perpetration of robbery. This charge authorizes the jury to convict appellant for murder in the first degree if a killing was done in the perpetration or in an attempt to perpetrate a robbery. The vice in this charge is that it authorizes a conviction for the killing

in the absence of malice. This is not the law in Texas. We deem it unnecessary to discuss this question from the standpoint of the authorities. The decisions are numerous." See Pharr v. State, 7 App., 472.

Whatever doubt I might have personally in respect to this charge, I would long hesitate in a case of a death penalty to place my views in opposition to the opinion of the court holding the charge erroneous. Under the authorities it is clear that the charge is erroneous, and it must be conceded that if this is true, that it should and would operate as a reversible error.

There are some other matters complained of in the charge of the court and in reference to requested charges. We think, taking the charge of the court as a whole, that there is no other error contained in it for which the case ought to be reversed, and that the matters covered by the special charges requested, except in the matter of the instruction on accomplice testimony, were sufficiently covered by the court's charge.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*