## GIESECKE v. STATE.

(Court of Criminal Appeals of Texas. Jan. 17, 1912.)

1. HOMICIDE (§ 300*)—TRIAL—INSTRUCTIONS —SELF-DEFENSE—WORDS OR ACTS PROVOKING A DIFFICULTY.

A charge that if defendant used words or did acts, either or both of which provoked the difficulty, and that he did so for the purpose or with the intention of provoking a difficulty, he could not rely on self-defense, is proper, it not being necessary to point out the particular acts of provocation on the part of defendant.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 614–632; Dec. Dig. § 300.*]

2. HOMICIDE (§ 300*)—TRIAL—INSTRUCTIONS —SELF-DEFENSE—APPLICABILITY TO ISSUES AND EVIDENCE.

In a homicide case, where it appeared that deceased had lived with defendant's wife before her marriage to defendant, that he had deserted her, and afterwards tried to alienate her from defendant, and that defendant had deceased make a written statement acknowledging all of such former relations, and his efforts to alienate defendant's wife from him, and that when this .statement was signed, defendant said, "Get out of here, you dirty cur," and turned away from deceased, but that deceased

came toward him with a large spring-back knife open, whereupon defendant shot and killed deceased, an instruction on self-defense that a reasonable apprehension of death or great bodily harm will excuse a person using all necessary force to protect his life or person, that there need not be actual danger, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time, and that he was not bound to retreat to avoid the necessity of killing his assailant, and that if before defendant killed deceased the latter had made an attack on defendant which caused him, knowing the disposition of deceased, to have a reasonable expectation of death, or serious bodily injury, and that acting under such reasonable fear, he killed deceased, he was entitled to an acquittal, was not objectionable as not covering the facts of the case.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 614–632; Dec. Dig. § 300.*]

3. HOMICIDE (§ 300*)—TRIAL—CONFUSING OR MISLEADING INSTRUCTIONS.

Nor was such instruction objectionable as entangling matter of self-defense with that of manslaughter and provoking the difficulty in such manner as to cause the jury to be unable to draw the proper distinction in the case.

[Ed. Note.—For other cases, see Homicide, Dec. Dig. § 300.*]

4. CRIMINAL LAW (§ 414*)—DECLARATIONS—SELF-SERVING DECLARATIONS—EFFECT.

Where the state in a prosecution for homicide puts in evidence the declarations of defendant, which were exculpatory and set up self-defense, it is bound by them, unless they are proven to be false, so as to entitle defendant to an acquittal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 936; Dec. Dig. § 414.*]

5. CRIMINAL LAW (§ 649*) — ADJOURNMENTS.

Where some of the petit jurymen who had been summoned in a homicide case were not present, and attachment for them was issued on which they were brought into court, the refusal of defendant's motion to postpone the case until they should be brought in was not erroneous.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1512–1515; Dec. Dig. § 649.*]

6. CRIMINAL LAW (§ 1178*)—APPEAL—BRIEFS—EXCEPTIONS NOT DISCLOSED.

Exceptions not disclosed in appellant's brief will not be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3011–3013; Dec. Dig. § 1178.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Otto Giesecke was convicted of manslaughter, and he appeals. Affirmed.

J. S. Baker, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for manslaughter, the penalty being two years' confinement in the penitentiary.

Several objections are urged to the court's charge with reference to manslaughter, some of which might perhaps give some trouble, but for the fact that appellant's punishment for manslaughter was the minimum. Had the jury assessed more than two years as the punishment, some of the questions would have been serious.

[1] The charge with reference to provoking a difficulty is criticised. The principal point of attack seems to be that the court did not state the acts and words, or acts or words upon which the jury might conclude that appellant provoked the difficulty. We are of opinion that it was not necessary for the court to state the particular language or act of defendant which formed a predicate of the charge on provoking a difficulty. The court did charge the jury that if appellant used words or did acts, either or both, which provoked the difficulty, and that he did so for the purpose or with the intention of provoking a difficulty, he would not be entitled to an acquittal on the ground of self-defense. We are of opinion that under our authorities this is sufficient.

[2, 3] The charge on self-defense is criticised. The main criticism seems to be that the charge does not cover the facts of the case, and "other parts of the court's charge entangled self-defense with that of manslaughter and provoking the difficulty in such a manner as to cause the jury to be unable to draw the proper distinction in the case." That portion of the court's charge is as follows: "A reasonable apprehension of death or great bodily harm will excuse a party in using all necessary force to protect his life or person, and it is not necessary that there should be actual danger, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time, and in such case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity of killing his assailant. If from the evidence you believe the defendant killed the said H. H. Burney, but further believe that at the time of so doing the deceased had made an attack on him which, from the manner and character of it, and the defendant's knowledge of the character and disposition of the deceased, caused him to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him; and if the deceased was armed at the time he was killed and was making such attack on defendant, and if the weapon used by him and the manner of its use were such as were reasonably calculated to produce death or serious bodily harm, then the law presumes the deceased intended to murder or aimed to inflict serious bodily injury upon the defendant." Then follows a charge on the right of defendant to seek the deceased and demand of him an explanation or retraction of the insulting language and conduct towards his (defendant's) wife, and the further right to arm himself in anticipation of an attack

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

upon him by the deceased. Then follows a charge on provoking a difficulty, which is very fully given with reference to the intent of appellant at the time he provoked the difficulty, if the jury find he provoked it: First, if he provoked it with felonious intent, then he would be guilty of murder; second, if he provoked it not for the purpose of killing, and was then forced to kill deceased in self-defense, he would be guilty of no higher grade of homicide than manslaughter. We are of opinion that under the facts this charge is sufficient, and self-defense is sufficiently charged and did not entangle same with other sections of the charge.

The facts bearing immediately upon this question may be briefly stated this way: Deceased had been a paramour of appellant's wife years ago, but had deserted her under circumstances that were rather urgent. He had seduced a girl under promise of marriage, and to save himself from the penitentiary he married the girl and deserted his paramour, who subsequently became the wife of appellant. Appellant, however, was ignorant of all these facts until a few days before the homicide. Deceased and appellant's wife had not lived together for eight or nine years. When appellant discovered the condition of things, and that deceased was trying to alienate his wife from him and resume his former relations with her, he became excited and harassed, and finally called deceased to his room, and had him to write a statement in which the deceased acknowledged all of his former relations with appellant's wife and his late acts in trying to seduce her from appellant. After this document was written and signed, which is shown in the record, but deemed unnecessary to be produced here, appellant remarked to him, "get out of here, you dirty cur," or similar language, and turned away from deceased. This was all in appellant's room at Mrs. Gant's. He says, and the state puts this statement in evidence, that as he turned away he heard a commotion and looked around and deceased was advancing on him with a large spring-back knife open, whereupon he began shooting and continued to shoot until four shots were fired, resulting in the death of deceased. There were no eyewitnesses except appellant. There were other inmates in the house, but they were in other rooms. He immediately left the room and made a statement to Mrs. Gant that deceased had ruined his home and had undertaken to kill him with a knife, and that he had shot him in self-defense. We are of opinion there is no such serious objection to the charge of the court on self-defense urged by appellant as requires a reversal of the case.

[4] There was one serious question that was not urged which would have required a reversal. It is this: The state having put in the declarations of appellant, which are exculpatory and show self-defense, the state would be bound by them unless they were proved to be false, and this would entitle appellant to a verdict of not guilty. Such has been the rule in Texas since Pharr v. State, 7 Tex. App. 472, down to Roberts v. State, 60 Tex. Cr. R. 23, 129 S. W. 611, and Grant v. State, 60 Tex. Cr. R. 358, 132 S. W. 350, but this question was not suggested in any of the bills, or in motion for a new trial. As far, therefore, as the charge on self-defense was given, it is correct and not subject to the exceptions urged against it.

[5] There are some objections urged to the manner of impaneling the petit jury. These we think have no merit and present no reason for reversal. Some of the jurymen who had been summoned were not present, and appellant moved postponement of the case until they could be brought in. This the court declined, but issued attachment for them. They were subsequently produced. This question has been passed on frequently adversely to appellant's contention.

[6] There are also some exceptions to some erasures in the charge as read to the jury, but we are of opinion there is nothing of serious moment in those. We have followed the brief in discussing alleged errors and have not reviewed those not discussed.

As the record is presented to us and under the decisions of the court, we are of opinion there is no such error found in the record as requires a reversal.

The judgment is therefore affirmed.