HENRY WEDDLE v. THE STATE.

No. 11710.  Delivered June 23, 1928.
Rehearing granted April 10, 1929.

The opinion states the case.

*Critz & Woodward* of Coleman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Appellant's automobile was searched by the Sheriff of Runnels County and a half gallon of whisky found therein. Prior to the search it was shown that the Sheriff had been informed in the absence of appellant by one of his deputies that he had heard the appellant say in a conversation with Ray Parker that he had three gallons of whisky out on the Crews road, that he had followed appellant out on the Crews road and back and down to a flour mill where he saw appellant deliver to one Freeman something in a tow sack, had followed and arrested Freeman and found a half gallon of whisky in a tow sack in Freeman's car. That upon receipt of this information from said deputy, the Sheriff searched appellant's car without a search warrant with the result above stated.

Objection was made to the reception in evidence of the result of the search of appellant's car because no probable cause was shown to exist and same was made without a search warrant and not upon personal knowledge of the officer that an offense was being committed, but upon hearsay statements and to the reception in evidence of the deputy's statement to the Sheriff because same was hearsay in appellant's absence.

That an automobile may be searched without a search warrant where "probable cause" exists is well settled. Battle v. State, 290 S. W. 762.

It was said in Carroll v. U. S., 267 U. S. 132, 69 L. Ed. 543:
"The right to search and the validity of the seizure are not dependent upon the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law."

And "if it should become an issue whether the facts existed which are claimed to constitute 'probable cause,' it would be proper to submit the issue to the jury." McPherson v. State, 300 S. W. 937. See also Broyles v. State, No. 11191, not yet officially reported.

In this case appellant denied in most part the conversation with Parker attributed to him by the deputy sheriff. An issue was made by this and other testimony for appellant of the existence of facts claimed to show probable cause. The appellant objected to the admission of the result of the search of appellant's car. Apparently appellant did not admit but denied the existence of facts showing probable cause and was, we think, under the facts of this record, entitled to have such issue submitted to the jury. This issue being present, it logically follows that the hearsay statements objected to were admissible as tending to prove probable cause as same has been defined in the Battle case, supra. They illustrated upon what the Sheriff acted in making the search. If a fact question is not presented, it is clearly the duty of the trial judge to decide such preliminary question himself and in such case to keep from before the jury hearsay statements of a prejudicial character which are admissible only as evidence to go to the jury when the issue of the existence of probable cause is present.

The submission to the jury of an issue as to the existence of a fact, necessary to be affirmatively determined before certain evidence is admissible is a practice which we do not commend, and which was vigorously condemned in Bingham v. State, 262 S. W. 747, by Judge Hawkins, speaking for this Court. It may prove provocative of much michief, but seems unavoidable in some cases.

Under other facts the action of the Court in this case might be erroneous, but under the record presented, we are of the opinion that no error is shown.

We have carefully examined all of appellant's bills of exception and believing no error appears in any of them, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Upon mature consideration we are constrained to hold it error for the trial court to permit witnesses White and McWilliams to detail in the presence of the jury what was said by Mr. White to Mr. McWilliams regarding what White had seen the appellant do during the day of the arrest, and what he had heard appellant say that morning,—which facts were proper and material to state to the court, in his hearing in the absence of the jury, as supporting the theory that the search of appellant's car by Sheriff McWilliams was upon probable cause. We have no doubt of the propriety of a search made by an officer upon information given him by a reliable person, even though the searching officer had no further personal knowledge upon which to base the search than such information. It seems manifest that such information might embrace statements made to the informant by the appellant, and the fact that this would be hearsay, would be no good ground for the assertion of error on the part of the trial court in hearing it in chambers or in the absence of the jury, in determining the issue of probable cause.

However, under the facts of this case, as stated above, we are of opinion that the court erred in admitting in evidence before the jury testimony as to what witness White had narrated to the sheriff as being the statement of the appellant made in the presence of witness White on the morning of the arrest. While it is true that this court has held that in case there be a controversy over the existence of sufficient facts to support a search upon probable cause, the court may in an appropriate case submit such issue of fact to the jury for their determination,—still we have always held that the decision of such question is primarily for the judge; and if there be no controversy of the facts offered before the court to support the existence of probable cause, then it might be seriously harmful to introduce such testimony before the jury.

In the case before us, instead of controverting the State's proof offered as supporting probable cause, viz: that Mr. White had seen appellant deliver a tow sack containing something in bulk in it, to Mr. Freeman and that a later search of Freeman's car disclosed that he had a jar of whisky in a tow sack,—appellant admitted expressly

that he did deliver to Freeman a tow sack containing a jar of whisky which he had secured for Freeman as his accommodation agent; so also instead of controverting the fact that a half gallon jar of whisky claimed by the State to have been found in appellant's car upon the search, appellant admitted that it was found there, and testified that he went out in the country and got it from the same person at the same time that he got the half gallon of whisky for Freeman, the half gallon found in appellant's car being for his own personal use and not for sale. There would then seem no need for the admission before the jury of testimony as to what White told McWilliams he had heard appellant say on the morning before his arrest, in effect that he had three gallons of whisky out on the Crews road. While White might well testify before the jury that he heard appellant make such a statement to Ray Parker, it would appear manifestly erroneous to permit a third person to say that White told him that he overheard appellant make such statement to Ray Parker. This would be a hearsay statement vital to the very pith and marrow of the case before the jury, i. e., whether the whisky had by appellant, a part of which he let Freeman have,—was a part of the three gallons which was his own, or whether it was part of a gallon which did not belong to appellant and with which he had no connection until he went out in the country and got it,—a half gallon for himself and a half gallon as accommodation agent for Freeman. We are not able to believe the admission of this testimony not of an injurious character, and same having been excepted to, we are of opinion that the testimony should have been rejected. For the error in its admission we are of opinion the case must be reversed.

Appellant's motion for rehearing is granted, the affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*