J. W. BURKHART v. THE STATE.

No. 12456. Delivered May 8, 1929.

The opinion states the case.

*Patterson & Cates* of Decatur, for appellant. On erroneous admission of hearsay testimony appellant cites; English v. State, 213 S. W. 632; Campbell v. State, 24 S. W. 899; Smale v. State, 40 S. W. 790; Milo v. State, 127 S. W. 1025; Schwen v. State, 35 S. W. 172; Candill v. State, 35 S. W. 373; Dungan v. State, 45 S. W. 19 and Roebuck v. State, 213 S. W. 656.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

Having received information that appellant and Jess Williams were transporting intoxicating liquor in an automobile an officer searched a car occupied by the parties and found therein a large quantity of whiskey. Williams was driving the car. Appellant had no interest in the car. At the time the search was made appel-

lant left the car and ran away, but returned before the search had been completed. The officers testified that appellant did not appear to have been drinking. Testifying in his own behalf appellant stated that he had gone to Cleburne with Williams for the purpose of getting a truck load of cattle; that Williams had made arrangements at the bank to buy the cattle; that he did not know that Williams had gotten whiskey while on the trip; that he, appellant had no interest in the whiskey and no interest in the car; that he had exercised no control whatever over the whiskey. A banker testified that Williams had arranged with him to borrow money for the purpose of buying cattle. Other witnesses testified that appellant went with Williams to Cleburne for the purpose of aiding him in securing a truck load of cattle.

It was not contended by appellant that the search of the automobile was illegal. While the officer had no search warrant no objection was made to his testimony on the ground that probable cause for the search without a warrant did not exist. Over proper objection the court permitted the state in the presence of the jury to elicit from the officer the fact that before searching the car driven by Williams and occupied by appellant he had received a telephone message from an officer in a neighboring town and that said officer had stated to him that Williams and appellant had gone to Glen Rose after a load of whiskey and would return on the evening of the next day. That this testimony was hearsay and had the effect of contradicting appellant's defensive theory is obvious. Appellant's testimony was to the effect, as hereinbefore shown, that he had no interest in the whiskey, no control over it and that he went with Williams on the occasion in question for the sole purpose of securing a truck load of cattle. He further said that he did not own the automobile driven by Williams. The testimony of the state showed that Williams was driving the car. Again appellant's testimony was to the effect that Williams told him that he had bought the whiskey and given a check on his bank for the amount. A banker testified that shortly after the arrest of appellant and Williams, a check in the sum of $100 given by Williams was honored at the bank. If appellant's testimony had been accepted by the jury he was entitled to an acquittal. In Weddle v. State, Opinion Number 11,710, delivered on motion for rehearing April 10, 1929, Judge Lattimore said:

"While it is true that this court has held that in case there be a controversy over the existence of sufficient facts to support a search

upon probable cause, the court may in an appropriate case submit such issue of fact to the jury for their determination,—still we have always held that the decision of such a question is primarily for the judge; and if there be no controversy of the facts offered before the court to support the existence of probable cause, then it might be seriously harmful to introduce such testimony before the jury."

Here it was not contended that the search was illegal. There was no issue as to the existence of facts which might constitute probable cause. The question of probable cause for making the search was not in the case. The evidence in question being hearsay and of a prejudicial nature, a reversal must follow. Ehrlich v. State, 281 S. W. 548.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.