F. W. STARKEY v. THE STATE.

No. 13232.   Delivered April 9, 1930.
Reported in 27 S. W. (2d) 175.

The opinion states the case.

*F. J. Ford* of Vega, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Officers searched an automobile appellant was driving on a highway, and found therein a quantity of whiskey. Two men were in the car with appellant. The officers did not learn their names and they were not produced at the trial. Appellant testified that he did not know the whiskey was in the car, his explanation being that the parties riding with him had placed the packages of whiskey in the back of the car without his knowledge of the contents of said packages. He said these parties requested him to let them ride with him from New Mexico into Texas and that at the time they entered his car they placed the packages in the turtle-back. He further said that he did not know that the whiskey was in the car until the search was made. Appellant's testimony was corroborated by a witness from New Mexico who said that he saw the parties place the packages in the turtle-back of the car. The officers found the whiskey in the turtle-back.

Appellant's defensive theory was affirmatively submitted to the jury. If it had been believed by the jury he was entitled to an acquittal. Over proper objection, the court permitted the prosecuting attorney, in the presence of the jury to ask one of the officers the following question: "I will ask you whether or not before you went out there if you had any information from any reliable source as to this defendant's coming and what he would have in his car?" The witness replied: "Yes I had a telephone call from New Mexico." The witness then answered that the party 'phoning him was a deputy sheriff. That this testimony was hearsay and had the effect of contradicting appellant's defensive theory is obvious. While the officer had no search warrant, no objection was made to his testimony on the ground that there was no probable cause for a search without a warrant. There was no issue as to the existence

of facts which might constitute probable cause. The question of probable cause for making the search was not in the case. In Weddle v. State, 16 S. W. (2d) 244, Judge Lattimore used language as follows:

"While it is true .that this court has held that in case there be a controversy over the existence of sufficient facts to support a search upon probable cause, the court may in an appropriate case submit such issue of fact to the jury for their determination, still we have always held that the decision of such question is primarily for the judge; and if there be no controversy of the facts offered before the court to support the existence of probable cause, then it might be seriously harmful to introduce such testimony before the jury."

If the testimony of appellant and his witnesses was to be believed, the whiskey found by the officers belonged to the parties riding with appellant, and appellant had no knowledge that he was transporting whiskey. The officer's testimony that he had been informed by a deputy sheriff of New Mexico that appellant was coming into Oldham County, and that he had been further informed by said officer as to what he would find in appellant's car, was calculated to lead the jury to believe that the officer in New Mexico had seen appellant leave with whiskey in his car. In short, such statement was calculated to destroy the effect of appellant's defensive testimony. The evidence in question.being hearsay and of a prejudicial nature, a reversal must follow. Burkhart v. State, 16 S. W. (2d) 1090; Ehrlich v. State, 281 S. W. 548.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.