LON ANTHONY v. THE STATE.

No. 13491. Delivered June 18, 1930.
Reported in 29 S. W. (2d) 784.

The opinion states the case.

*W. H. Blanton,* of Floresville, and *Simmons & Dotson,* and *S. J. Dotson,* all of San Antonio, for appellant.

*Lamar Seeligson,* Dist. Attorney, *Bernard Ladon,* Asst. Dist. Attorney, and *Delos Finch,* Asst. Dist. Atty., all of San Antonio, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for ten years.

It appears from the testimony of prosecutrix, Fannie B. Petty, that appellant had several acts of sexual intercourse with her; that she was under fourteen years of age at the time such relations were had; that she consented to said acts of intercourse; that thereafter she and appellant went to the State of Oklahoma where they were married; that upon their return to Texas appellant secured work; that appellant supported her and treated her kindly until he was arrested and charged with the offense of rape. Appellant offered no testimony.

Over proper objection the state was permitted to prove by the mother of prosecutrix that J. C. Anthony, brother of appellant, had stated to the witness in the absence of appellant, in substance, that appellant ought to be ashamed of himself and that if prosecutrix were his daughter he would want appellant punished. The effect of this testimony was to get before the jury the opinion of appellant's brother that appellant was guilty. Opinions expressed in the absence of the accused to the injured party or others as to the guilt of the accused are hearsay and inadmissible. Branch's Annotated Penal Code, Section 133; Langford v. State, 9 Tex. Cr. App. 287; Jackson v. State, 20 Tex. Cr. App. 193; Thompson v. State, 42 Tex. Cr. R. 142, 57 S. W. 805; Woodward v. State, 42 Tex. Cr. R. 203, 58 S. W. 135; Morgan v. State, 62 Tex. Cr. R. 122, 136 S. W. 1065; Hickey v. State, 62 Tex. Cr. R. 568, 138 S. W. 1059; Streight v. State, 62 Tex. Cr. R. 453, 138 S. W. 748.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.