OSCAR SEALEY v. THE STATE.

No. 15010.   Delivered March 9, 1932.

The opinion states the case.

*John M. Hatter,* of Waxahachie, for appellant.

*Archie D. Gray,* Criminal District Attorney, of Waxahachie, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

The trial court in its main charge charged the jury that the state's main witness was an accomplice in the alleged transportation of said whisky, and having so charged, as a matter of law a proper charge was required instructing the jury in regard to this phase of the law. The court gave the following charge in that connection: "I instruct you that the witness, D. W. Hawkins, is an accomplice. You cannot convict the defendant on his testimony alone, unless you first believe that his testimony is true and tends to connect the defendant with the offense charged, etc."

A proper and timely exception was reserved to this charge, especially that portion of it which informs the jury that his testimony must tend to connect the defendant with the offense charged. This part of the charge has been condemned by this court as said by Judge Davidson in the case of Baggett v. State, 65 Texas Cim. Rep., 425, 144 S. W., 1136, 1137: "This charge has been so frequently condemned it is deemed unnecessary to do more than to cite the authorities condemning the charge." Citing Grant v. State, 60 Texas Crim. Rep., 358, 132 S. W., 350; Shrewder v. State, 60 Texas Crim. Rep., 659, 133 S. W., 281; Pace v. State, 58 Texas Crim. Rep., 90, 124 S. W., 949.

By bill of exception No. 7, appellant objected to the following testimony of deputy sheriff J. W. Yancey, a witness for the state: "Well, about ten o'clock on August 21, 1931, I got information from a reliable citizen of this county that Mr. Sealey, Mr. Collins, and Mr. Hawkins had departed to some point in Kaufman county near Peel Town in a car and were going to purchase some whisky and that they would likely leave Highway No. 4 at a point close to a little store rather than to go thru Telico, and relying on that information being true, and knowing the reputation of defendant as a man who handled whisky, etc."

The defendant excepted to all of such testimony, and asked the court to instruct the jury not to consider same, which was overruled by the court. The court qualified said bill to the effect that "the state was undertaking to show circumstances and facts which would prove probable cause for the search existing and this testimony was admitted on that issue.

Defendant had not requested that the jury be withdrawn during the development of said testimony and hence it was developed in their presence." This testimony was proper and material to be heard by the court in the absence of the jury as supporting the theory that the search of the car was upon probable cause. It seems manifest that such information might embrace statements made to the deputy sheriff by other people and the fact that this would be hearsay would be no good grounds for the assertion of error on the part of the trial court in hearing it in the absence of the jury in determining the issue of probable cause.

However, under the facts of this case, as stated above, we are of the opinion that the court erred in admitting in evidence before the jury the testimony above set out. We have held that the decision of such question is primarily for the judge, and if there be no controversy as to the existence of facts to support the probable cause, then it might be seriously harmful to introduce such testimony before the jury. The appellant did not testify or offer any testimony upon the issue as to whether the facts showed probable cause, and therefore it was a question for the court and not an issue before the jury. We are unable to believe that the admission of this testimony was not of an injurious character. The testimony of the witness as to what other people had told him in regard to what the appellant was going to do in regard to the purchase of whisky should not have been permitted to be offered over objection of appellant and in the presence of the jury, the evidence in question being hearsay. See Weddle v. State, 112 Texas Crim. Rep., 250, 16 S. W. (2d) 244, 246; Starkey v. State, 115 Texas Crim. Rep., 552, 27 S. W. (2d) 175.

There are bills of exception to the alleged error in the impaneling of the jury in this case; also several bills to the argument of the district attorney, some of which argument, we think, should not have been indulged in. Said bills of exception are not discussed as they probably will not occur on another trial of this case. The other bills of exception have been carefully examined but do not in themselves as presented manifest reversible error.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.