## BEN WISEMAN v. THE STATE.

### *No. 306. Decided May 19.*

**Evidence—Confessions Under Arrest Inadmissible, When.**—It is well settled that the admission in evidence of confessions made by one under arrest, who is unwarned and uncautioned, and which confessions do not lead to the discovery of any fact or circumstance connecting or tending to connect defendant with the crime, are illegal testimony, and will necessitate a reversal.

APPEAL from the District Court of Bell. Tried below before Hon. W. A. BLACKBURN.

This appeal is from a conviction for burglary, wherein the punishment assessed was two years' imprisonment in the State reformatory, the jury having found the defendant to be under the age of 16 years.

Appellant and one Ed Vining were jointly indicted for said offense, but defendant was alone put upon his trial.

The testimony of the witness Holtzclaw as to the confessions of defendant, as it appears in defendant's bill of exceptions, is as follows: "That when the property had been found, carried back, and identified, he and the defendant separated; he (Holtzclaw) going to the court house, and the defendant going across the creek after Ed Vining, the alleged accomplice; that he (Holtzclaw) talked the case over to the sheriff and other parties; that he and the sheriff after awhile went out of the court house and saw the defendant and Ed Vining coming; that he and the sheriff met the defendant and Vining; that Vining denied all knowledge of the breaking; that he brought both Vining and Wiseman to the sheriff's office and left them in charge of another officer; that he went up and saw the State's attorney, and then came down and got the defendant and Vining and carried them to the office of the State's attorney up-stairs; that he left Vining in charge of a gentleman in one office, and carried the defendant in the office where the State's attorney was; when in there he and the said attorney asked the defendant to tell them all about the case; that the defendant then said that he was out doing a job when Ed Vining broke in and got the pistols; that Ed Vining was then brought in and said to the defendant, 'You know you helped me prize open the door of the chest,' to which defendant assented; that Ed Vining then told all about it in the presence of the defendant; that defendant said Ed Vining got the pistols out of the chest; that defendant was under arrest, and had been some little time when he made these statements in the district attorney's office; that he was not warned or cautioned; that the stolen property had already been found, identified, and returned."

*Winbourn, Pearce & Kinnard,* for appellants.—The court erred in admitting the testimony of the witness Holtzclaw, when recalled by the State, which appears in defendant's bill of exceptions number 1, because all of the testimony is illegal, as shown by the latter part of the same, the confessions being made subsequent to the discovery and return of the stolen property, while the defendant was under arrest, without being properly cautioned, and because subsequent to the finding of the stolen property and prior to the alleged confessions, defendant and the officer Holtzclaw had separated. Code Crim. Proc., art. 750; Weller v. The State, 16 Texas Crim. App., 200; Walker v. The State, 2 Texas Crim. App., 326; Nolen v. The State, 14 Texas Crim. App., 474; Bean v. The State, 17 Texas Crim. App., 60; Sands v. The State, 30 Texas Crim. App., 578; Brown v. The State, 26 Texas Crim. App., 308; Van Musgrave v. The State, 28 Texas Crim. App., 57.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was indicted with one Ed Vining for burglary, and his punishment assessed at two years in the reformatory.

There is but one question to be considered. The State was permitted, over the objections of appellant, to prove by the witness Holtzclaw that appellant admitted his participation in the burglary. It was shown at the time of his confession that appellant was under arrest, and was neither warned nor cautioned; that the stolen property had already been recovered, having in fact been delivered to the officer by appellant himself. It was further shown that appellant was weak-minded, through disease, though perhaps he knew it was wrong to break into a store or steal. It is well settled that confessions made by one while under arrest, who is unwarned or uncautioned, and which confessions do not lead to the discovery of any fact or circumstance connecting, or tending to connect, defendant with the crime, are illegal testimony, and will necessitate a reversal. Van Musgrave's case, 28 Texas Crim. App., 57; Davis' case, 23 So. W. Rep., 687; Jackson v. The State, 29 Texas Crim. App., 458; Willson's Crim. Stats., secs. 2472, 2473.

Had the alleged confession been made at the time when appellant was asked about the burglary, and went and got the pistols, a different question would have been presented. But the confession here sought to be introduced was made subsequently, and after appellant denied any participation in the burglary itself, and while under arrest. There is no question as to the materiality of the evidence, for it was offered and introduced over appellant's objection after the testimony had closed, and the opening argument had begun.

The judgment is reversed and cause remanded

*Reversed and remanded.*

Judges all present and concurring.