### JOHN DORHAM v. THE STATE.

#### No. 417.    Decided February 9, 1910.

**Burglary—Charge of Court—Accomplice Testimony.**

Where upon trial of burglary the court charged that a conviction could not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, the same was reversible error.

Appeal from the District Court of Freestone.    Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Bell & Fryer,* for appellant.—On question of court's charge on accomplice testimony:   Oates v. State, 51 Texas Crim. Rep., 449, 103 S. W. Rep., 859; Newman v. State, 55 Texas Crim. Rep., 273, 116 S. W. Rep., 577; Floyd v. State, 117 S. W. Rep., 138; Close v. State, 55 Texas Crim. Rep., 380, 117 S. W. Rep., 137; Early v. State, 56 Texas Crim. Rep., 61, 118 S. W. Rep., 1036.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for burglary, with a penalty of two years confinement in the penitentiary.

1.    The court, among other things, charged the jury as follows: "A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense."   The court further instructed the jury as follows:   "Now, you are instructed that the witness Clint Huckaby was an accomplice, as that term is defined in the foregoing instructions, and you are instructed that you can not find the defendant John Dorham guilty upon Clint Huckaby's testimony alone unless you first believe that the testimony of said Clint Huckaby is true, and that it shows, or tends to show, that the defendant is guilty as charged in the indictment, and unless you further believe that there is other evidence in the case, outside of the testimony of said Clint Huckaby, which clearly and strongly tends to connect the defendant with the commission of the offense charged."   This charge was excepted to in appellant's motion for new trial, and the exception was well taken.   This question has been before this court so often, and this character of charge condemned in so many cases, we deem it unnecessary to discuss this matter further.   A correct charge on accomplice testimony was set out in the case of Campbell v. State, 57 Texas Crim. Rep., 301, 123 S. W. Rep., 583, and approved in the more recent

cases of King v. State, 57 Texas Crim. Rep., 363, from Edwards County, and Brown v. State, 57 Texas Crim. Rep., 546, from Kaufman County. This is the only question in the case we deem of sufficient importance to notice. The other questions are such as will not likely occur upon another trial. The fact that the witness Huckaby was an accomplice to the crime, and the circumstances offered by the State in corroboration of his testimony being so slight, we are of opinion that the charge of the court, that if the evidence of Huckaby tended to connect defendant with the commission of the offense, was an error not only calculated to but did injure the appellant, and for this reason the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.