## J. N. Ware v. The State.

### No. 534.    Decided June 22, 1910.

**1.—Seduction—Charge of Court—Accomplice Testimony.**

Where, upon trial of seduction, the court improperly charged the jury upon accomplice testimony, and that said charge was not only erroneous but prejudicial to the defendant, there was reversible error.

**2.—Same—Requested Charge.**

Where, upon trial of seduction, the error of the court's charge was called to the attention of the court by a requested charge which the court refused, the court should have given a proper charge, although the requested charge was incorrect.

Appeal from the District Court of Navarro. Tried below before the Hon. H. B. Daviss.

Appeal from a conviction of seduction; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant was indicted in the court below for the crime of seduction, resulting in his conviction with a penalty of ten years confinement in the penitentiary, hence this appeal.

There are a great many questions presented in the motion for new trial, but in view of the conclusion we have reached it is unnecessary to notice them. In the trial of the case the court charged the jury that the prosecutrix, Ola Bruner, was an accomplice, and instructed the jury as follows: "You are instructed that you can not find the defendant guilty upon the testimony of said Ola Bruner unless you first believe that her testimony is true, and that it shows, or tends to show, that the defendant is guilty, as charged in the indictment." In view of the facts of the case we are of opinion that this charge is not only erroneous, but prejudicial to the de-

fendant. This form of charge has been condemned so often by this court that we do not deem it necessary to say anything further upon the subject. This court has set out in the case of Campbell v. State, 57 Texas Crim. Rep., 301, 123 S. W. Rep., 583, a form of charge that should be given by the court where the State is relying upon the testimony of an accomplice. Aside from this error the charge of the court seems to be an admirable presentation of the law, and we do not think it is subject to the criticism made by appellant in his motion for new trial. The charge above complained of was called to the attention of the court in the motion for new trial, and a charge requested, which was refused, which called the attention of the court to the matter, and while this charge was incorrect, in that it requested the court to charge the jury that the corroboration of the accomplice must be as to both promise of marriage and seduction, yet it called the attention of the court to the correct rule as to accomplice testimony. It is not necessary to set out the statement of facts in the case. The other errors complained of are not likely to occur upon another trial.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*