SAM SHREWDER v. THE STATE.

No. 853. Decided December 7, 1910.

Rehearing Denied January 11, 1911.

**Burglary—Charge of Court—Accomplice.**

Where, upon trial of burglary, the court charged the jury that the accomplice testimony must tend to show defendant's guilt, etc., the same was reversible error. Following Pace v. State, 58 Texas Crim. Rep., 90; 124 S. W. Rep., 949, and other cases.

Appeal from the District Court of Tarrant. Tried below before the Hon. Jas. W. Swayne.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Lattimore, Cummings, Doyle & Bouldin,* for appellant.—On question of the court's charge on accomplice testimony: Oates v. State,

50 Texas Crim. Rep., 39, 103 S. W. Rep., 859; Pace v. State, 58 Texas Crim. Rep., 90, 124 S. W. Rep., 949.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary, his punishment being assessed at three years confinement in the penitentiary.

The Assistant Attorney-General moved to strike out the statement of facts. It is unnecessary to pass upon this motion as the case will be disposed of on the charge of the court.

The court charged the jury in respect to accomplice's testimony in applying that phase of the law as follows: "A conviction can not be had upon the testimony of an accomplice, unless the jury first believes the accomplice's evidence is true, and that it shows or tends to show defendant is guilty; and then you can not convict," etc. The vice in the charge is that the accomplice testimony must "tend" to show. This form of charge has been condemned in a great number of cases. Among the later cases is Pace v. State, 58 Texas Crim. Rep., 90, 124 S. W., 949. In Campbell v. State, 57 Texas Crim. Rep., 301, 123 S. W., 583, a form of charge on this subject was laid down.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Rehearing denied January 11, 1911.—Reporter.]

