IRVIN BAGGETT V. THE STATE.

No. 1570. Decided February 28, 1912.

**1.—Theft of Hog—Accomplice—Charge of Court.**

Where, upon trial of a theft of a hog, the court charged the jury that they must believe the testimony of the accomplice to be true and that it must show or tend to show that the defendant is guilty as charged, the same was reversible error. Following Grant v. State, 60 Texas Crim. Rep., 358, and other cases.

**2.—Same—Evidence—Codefendant—Acquittal.**

Upon trial of theft of a hog, where defendant, in his motion for new trial, showed that his codefendant had been acquitted, and that his testimony was material to his defense, the court should have granted a new trial.

**3.—Same—Evidence—Confession—Warning—Fruits of Crime.**

Where, upon trial of theft of a hog, the voluntary written confession failed to show that the same was made by the defendant to the person who warned him, and that said confession did not lead to the finding of the fruits of the crime the same was inadmissible in evidence. Following Crowder v. State, 28 Texas Crim. App., 51, and other cases.

**4.—Same—Exculpatory Statements.**

Where, upon trial of theft of a hog, the alleged statement of the defendant in evidence was exculpatory in so far as connecting the defendant with

the alleged theft, and the same was introduced by the State, it devolved upon the State to show that the same was false.

**5.—Same—Impeaching own Witness.**

Where the testimony of the State's witness was in no way damaging to the State, the State could not contradict said witness, especially on an immaterial question.

Appeal from the District Court of Cherokee. Tried below before the Hon. James P. Gibson, Special Judge.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Guinn & Guinn,* for appellant.—On the question of the court's charge on accomplice testimony: Maples v. State, 56 Texas Crim. Rep., 99, 119 S. W. Rep., 105; Oates v. State, 50 Texas Crim. Rep., 39, 103 S. W. Rep., 859, and cases cited in opinion.

On the question of testimony of codefendant after acquittal: Gill v. State, 56 Texas Crim. Rep., 202, 119 S. W. Rep., 684; Sanders v. State, 52 Texas Crim. Rep., 465; Lyles v. State, 41 Texas, 172; Rich v. State, 1 Texas Crim. App., 206.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a conviction for hog theft, the punishment being assessed at two years confinement in the penitentiary.

1. The main State's witness, O. D. Cowan, was a principal in the alleged theft. He, therefore, was an accomplice when used as a witness for the State, and a proper charge was required, instructing the jury in regard to this phase of the law. The court gave the following charge in that connection: "Now, you are instructed that you can not find the defendant guilty upon O. D. Cowan's testimony unless you first believe that the testimony of the said O. D. Cowan is true, and that it shows, or tends to show that the defendant is guilty as charged," etc. A proper and timely exception was reserved to this charge, especially that portion of it which informs the jury that his testimony must tend to show that the defendant was guilty. This charge has been so frequently condemned, it is deemed unnecessary to do more than to cite the authorities condemning the charge. Grant v. State, 60 Texas Crim. Rep., 358; Shrowder v. State, 60 Texas Crim. Rep., 659; Pace v. State, 58 Texas Crim. Rep., 90; Fruger v. State, 56 Texas Crim. Rep., 394; Barrett v. State, 55 Texas Crim. Rep., 182; Tate v. State, 55 Texas Crim. Rep., 397; Early v. State, 56 Texas Crim. Rep., 61; Newman v. State, 55 Texas Crim. Rep., 273; Dorham v. State, 58 Texas Crim. Rep., 283, 125 S. W., 397; Wadkins v. State, 58 Texas Crim. Rep., 110, 124 S. W., 959; Jordan v. State, 59 Texas Crim. Rep., 208, 128 S. W., 139; Maibaum v. State, 59 Texas Crim. Rep.,

386, 126 S. W., 378; Ware v. State, 60 Texas Crim. Rep., 38, 129 S. W., 836.

2. Quite a vigorous motion for a new trial was based upon the ground that appellant's codefendant, having been acquitted, after the conviction of appellant, he was entitled to a new trial in order to obtain the testimony of said codefendant as a witness, setting out the materiality of his testimony. The State's case was that the acquitted codefendant was a principal in the transaction and assisted in the alleged theft. The main State's witness, the accomplice Cowan, places him at the scene of the theft and participating in it. It is not the purpose of this opinion to discuss the merits of that matter. We simply hold the court should have granted a new trial. The materiality of the testimony is placed beyond any question. The credibility of the witness is not for the court, but for the jury.

3. The State was permitted to introduce a part of what is termed a confession of appellant. The facts are uncontroverted that he was under arrest at the time, was brought from the jail and carried to the law office of Mr. B. B. Perkins, who was assisting in the prosecution. Mr. Perkins wrote down what he states the defendant stated to him after giving the statutory warning. The alleged confession contained other matters than those connected with the theft in question. Various objections were urged and sustained except to that portion which is hereinafter set out. The jury was retired and the matter gone over before the court. The court admitted the following: "On the 22d day of August, between sun down and dark, O. D. Cowan and Richard Baggett went hunting, and returned to my house between sun down and dark, and had a hog with them; I asked them where they got this hog and they said in the 'old Jolly field.' They said they shot it, and that it was Mr. Gunter's old bob tailed sow; they didn't tell me where they buried the head and hide. We used this hog as we needed it." Gunter is the alleged owner of the hog, charged in the indictment as having been stolen. The bill of exceptions refers to the statement of facts for particulars. The voluntary statement, as it is termed, as there found, does not comply with the statute. It fails to show that the statement was made to Mr. Perkins or to any particular person. Mr. Perkins testified that he warned the defendant and he made the statement, but the written document itself does not show to whom the statement was made. It is further deficient in that it was not signed by appellant and not witnessed by anybody. There were two parties present at the time the statement was made, as shown by Mr. Perkins' testimony. The State recognized it was inadmissible as a voluntary confession under the statute pertaining to written confessions. It was therefore, offered by the State upon the theory that the fruits of the crime were discovered by means of the statement and, therefore, it was admissible under that phase of the statute. There is nothing in this proposition for the reason that all the matters contained in the statement with reference to where the head and hide were buried were

known prior to appellant's statement to Perkins. It was, therefore, not admissible upon that theory. The authorities hold as a general proposition that in order to admit a confession upon this theory of the law, the fruits of the crime must be discovered by the means of the confession. If they were known, independent of that confession, the confession is not admissible. Crowder v. State, 28 Texas Crim. App., 54; Collins v. State, 24 Texas Crim. App., 141; Wiseman v. State, 33 Texas Crim. Rep., 383; Owens v. State, 16 Texas Crim. App., 448; Nolen v. State, 14 Texas Crim. App., 474; Kinnon v. State, 11 Texas Crim. App., 356. There are a great number of other cases, but we deem these sufficient.

Another phase of this question will be noticed inasmuch as the State relied upon it. This statement is exculpatory in so far as connecting the defendant with the transaction as a principal. It shows on its face that O. D. Cowan and Richard Baggett said they killed the hog and brought it to appellant's house after the killing, excluding his presence at the time and place of the killing. This statement was exculpatory of theft and only shows a receiving of stolen pork. This required a charge at the hands of the court, under a long line of decisions in this State to the effect that the State, having put this in evidence, would be required to show it false in order to secure a conviction. This has been the rule in Texas at least since the Pharr case in the 7 Texas Crim. App., 472. We have been called on to write quite a number of opinions on this question, all of them in harmony with and following the rule laid down in the Pharr case. See Combs v. State, 52 Texas Crim. Rep., 613; Pratt v. State, 50 Texas Crim. Rep., 227; Jones v. State, 29 Texas Crim. App., 20. The court should have charged on this theory and if it be raised on another trial the charge should be given.

4. The State, on cross-examination of the witness Hattie Baggett, asked her certain questions in regard to her testimony before the grand jury as to what occurred, and then introduced evidence to contradict her about the matter. She was a State's witness on this matter and the testimony was in no way damaging to the State. The State, therefore, was not authorized to introduce this matter on an immaterial and disconnected question in order to contradict her and thus get the matter before the jury. It is not the purpose of this opinion to discuss that further. Upon another trial this question will not arise.

For the errors indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*