CAROLINA PINEDA v. THE STATE.

No. 9123.   Delivered June 10, 1925.

**Manufacturing Intoxicating Liquor—Statement of Accused—Before Examining Magistrate—Held, Inadmissible.**

The State was permitted to introduce a statement made by appellant at her examining trial confessing her guilt. The magistrate before whom the statement was made, did not attest the same and there is no certificate of any description found thereon. In addition the State's testimony shows that the magistrate did not affix his certificate thereto at the time it was taken, or any other time. Under Art. 295, Vernon's C. C. P., this confession should not have been admitted. Following Kerry v. State, 17 Tex. Crim. Rep., 183, and other cases.

Appeal from the District Court of Frio County. Tried below before the Hon. Covey C. Thomas, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Jno. T. Bivens,* and *Mason Manry,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Frio County for the offense of manufacturing liquor and her punishment assessed at confinement in the penitentiary for a term of one year.

The testimony shows that the officers found equipment designed for the purpose of manufacturing liquor, as well as some manufactured liquor, about two hundred yards from the home of one Brite in Frio County and that at the house at the time of the finding, were Brite and his wife and one Newman and the appellant. The undisputed evidence shows that Brite and his wife lived on this farm and that Brite's wife was sick and that Brite's father had sent this mexican woman, the appellant, out to his son's home to help his wife during her illness. It is also undisputed that this appellant had only been out there a few weeks.

In this state of the record, the State introduced a voluntary statement which the appellant is alleged to have made through an interpreter at her examining trial, the substance of which is that she is guilty and that she owned the stills that the officers got near Brite's home. The appellant objected to the introduction of this statement

because it was not shown that the statute had been followed with reference to the taking of the same, and especially that part of it that requires that the magistrate shall attest by his certificate and signature to the execution and signing of the statement. The statement as shown in the statement of facts, and as described by the bill of exceptions, shows that the magistrate before whom the statement was alleged to have been made did not attest the same and there is no certificate of any description found thereon. In addition to this the State's testimony affirmatively shows that the magistrate did not affix his certificate thereto at the time it was taken or at any other time. Under this state of the record, we hold that this alleged voluntary statement made on the examining trial was not admissible in this case. The statute provides that the magistrate shall in every case attest by his certificate and signature to the execution and signing of the statement. This statute is plain and unambiguous and was evidently passed by the Legislature for a definite purpose and we think the trial court was without warrant in law in ignoring the plain terms of the statute. Art. 295, Vernon's C. C. P. Kerry v. State, 17 Texas Crim. Rep. 183. Kirby v. State, 5 S. W. 169, and the cases there cited.

While the testimony may be different on another trial of the case, yet we feel disposed to say that we are not satisfied with the sufficiency of the evidence as disclosed by this record. It is true that appellant in the alleged voluntary statement said that the still was hers, but from the standpoint of reason and common sense, it occurs to us that every other fact disclosed by this record instead of corroborating this statement has a strong tendency to show that such statement if made was not true.

For the error of the court in admitting the alleged voluntary statement, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.