PRECILIANO AMAYO v. THE STATE.

No. 11162. Delivered December 14, 1927.

**Burglary of a Private Residence—Confession of Accused Not Signed by Him—Improperly Admitted.**

Where, on a trial for burglary of a private residence in the nighttime, the state, over appellant's objections was permitted to introduce a purported confession of appellant made by him at his examining trial,

but which was not signed by him. The provisions of Art. 248, C. C. P., are mandatory and this unsigned confession under the terms of that article was not admissible. See Pineda v. State, 100 Tex. Crim. Rep. 637.

Appeal from the District Court of Nueces County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for burglary of a private residence in the nighttime, penalty ten years in the penitentiary.

The opinion states the case.

*B. D. Tarlton, D. S. Purl* and *L. Hamilton Laws,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense nighttime burglary of a private residence, punishment ten years' confinement in the penitentiary.

Witness Poule retired to his room at the Ulster Rooming House about 10 p. m. and had sixty-five or seventy dollars in his trousers, placing the same under his pillow. He awoke the next morning with his head bloody and feeling dizzy and discovered that his money was gone. Appellant was rooming across the hall from him. He was apprehended. An examining trial was held and a purported confession from the appellant was introduced by the state which was never signed by appellant. The officers testified that the signing of same was overlooked. No signature or mark appears to the said confession which is shown in the record. Objection to its introduction was timely made for the reason that the statute required the signature of appellant to said purported confession before same was admissible. Art. 248, C. C. P., reads as follows:

"If the accused desires to make a voluntary statement, he may do so before the examination of any witness, but not afterward. His statement shall be reduced to writing by or under the direction of the magistrate, or by the accused or his counsel, and shall be signed by the accused by affixing his name or mark, but shall not be sworn to by him. The magistrate shall attest by his own certificate and signature to the execution and signing of the statement."

By the terms of this article three requisites are set forth: (1) That the statement shall be reduced to writing by or under the direction of the magistrate, (2) that same shall be signed by the accused by fixing his name or mark, and (3) that the magistrate shall attest and certify to the signature and execution of same. The third of these has been held to be indis-

pensably necessary before the statement could be admitted in evidence in the case of Pineda v. State, 100 Tex. Crim. Rep. 637. Certainly there would appear to be ample reason for applying the same rule to the other provisions of the statute. To hold that a purported voluntary statement of the accused given at an examining trial was admissible without the signature of the accused would be in effect to judicially repeal a plain and apparently mandatory provision of the statute. The legislative intent is made plain and certain by the language of this article. Its meaning is not doubtful and it would not appear to us to require any reference to an authority, further than to the terms of the article itself, to show that this evidence was inadmissible.

We do not deem it necessary to pass upon the remaining bills of exception.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.