### COLEMAN v. STATE.   (No. 12527.)

Court of Criminal Appeals of Texas.
May 1, 1929.

Rehearing Granted June 27, 1929.   State's Rehearing Denied Oct. 30, 1929.

Tatum & Strong, of Dalhart, for appellant.

Ben Richards, Dist. Atty., of Dalhart, and A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

Appellant lived on a farm about seven miles from Dalhart. In June, 1928, officers with a search warrant searched his premises, and found, among other things, three half-gallon jars full of whisky in appellant's car in his garage. Bills of exception Nos. 1a and 1 complain of testimony received; the complaint being based on the idea that the state had to prove that the garage in which the whisky was found was on a certain section of land as set out in the affidavit for search warrant, and that the testimony as to the finding of such whisky was incompetent because of lack of proof that the house, garage, etc., were on the land mentioned in said affidavit. We do not undertake to discuss the questions raised in these two bills, because of the fact that appellant took the stand as a witness in his own behalf and testified that one Tracy brought to his house, the night before the raid, the three half-gallon jars of whisky in question. He said Tracy told him the law was after him and he wanted to leave the whisky there till "tomorrow," and that Tracy took the whisky back toward the garage. Appellant said this was about midnight. He further said the next morning he saw the whisky in the garage and moved it and placed it in his car and threw a sack over it. He affirmed that the whisky so found in his garage was Tracy's and not his. Having thus admitted that the whisky was found as claimed by the officers, the questions of the validity of the affidavit or warrant, or as to the admissibility of the fruits of the search, pass out and are of no avail. McLaughlin v. State, 109 Tex. Cr. R. 307, 4 S.W.(2d) 54.

The statement made by appellant that a half-gallon jar sitting in his house with a small quantity of whisky in it was all the whisky they would find on the place, made to the officers as they were making their search, was admissible as part of the res gestæ of the search, and this whether or not appellant might be considered under arrest at the time. The bill of exceptions presenting this complaint is also qualified by a statement of the trial court to the effect that appellant made this same statement to the officers before they produced their search warrant, and that no objection was made to proof of the statement as made at that time.

If we understand bill of exceptions No. 3, it brings forward appellant's complaint of certain questions propounded to him while a witness; i. e., asking him if in his voluntary statement made at the time of his examining trial he had said anything about Tracy having brought the whisky to his place, which was found in the car. The objection being overruled, appellant admitted that, in his voluntary statement, made at the examining trial of his case, he said nothing of Tracy's connection with said whisky. In his brief, appellant discusses this as though it was tantamount to proving that one under arrest kept silent and made no statement or denial. The authorities cited in the brief are all cases where that is the question discussed. We think the principle here entirely different, and the authorities cited in the brief inapt. Articles 247, 248, Code Cr. Proc. make express provision for one accused of a crime, when taken before an examining magistrate, to be warned that he has the right to make a voluntary statement, and that he does not have to make it, and that, if he does make it, it can be used against him. Appellant admitted that, when taken before the magistrate in this case, he was so warned, and that he did make a voluntary statement at that time, and, when asked if he told the justice of the peace in that connection anything about Tracy bringing the whisky to his place, he said that, while they were writing down his statement he said to them maybe they would like to know where this gallon and a half of whisky came from, but no one answered him. This was not proof of silence, but of a voluntary explanation while under arrest. We further observe on this point that the justice of the peace, in testifying regarding this same matter, said, without objection, "The defendant Coleman, in that hearing, did not offer to make any explanation of his possession of the whisky found on his place." It also appears in the cross-examination of said justice of the peace by appellant's attorney that he said appellant made a statement as

part of said voluntary statement as follows: "Maybe you would like to know where the whisky came from." This would appear to bring the matter objected to, and complained of in this bill, within another rule which lays down the proposition that, if testimony be before the jury from some source without objection, this would render unavailing an objection to the same testimony when offered from another source. The charge seems unusually full and fair, and was not open to the exceptions taken. There was no error in refusing the peremptory instruction asked by appellant. We deem the evidence amply sufficient to support the judgment of conviction.

Finding no error in the record, the judgment will be affirmed.

MORROW, P. J., not sitting.

### On Motion for Rehearing.

LATTIMORE, J.    █ Responding to the insistence of appellant in his motion, we have again considered bill of exceptions No. 3, whose contents are not entirely clear to us. Appellant was taken before the justice of the peace soon after his arrest by the officers for alleged illegal possession of intoxicating liquor. Giving most favorable inference to the averments in said bill of exceptions, it appears that he made a statement before the justice of the peace upon said hearing in the nature of the voluntary statement referred to by articles 247, 248, 1925 Code Cr. Proc. This statement was reduced to writing, but appellant refused to sign it. Its contents were not offered in evidence. Appellant while a witness on this trial testified, in substance, that one Tracy owned the whisky found in appellant's possession by the officers, and that Tracy had left it at appellant's house the night before the raid and appellant's arrest. He was asked on cross-examination if he said anything in his above-mentioned voluntary statement before the justice of the peace of the fact that Tracy had left said whisky at his house. Conceding that it is sufficiently shown by the bill that he was asked if he made such statement, and admitted that he did not, we have concluded that we were in error in holding this admissible. Kerry v. State, 17 Tex. App. 178, 50 Am. Rep. 122; Pineda v. State, 100 Tex. Cr. R. 637, 273 S. W. 859; Amayo v. State, 108 Tex. Cr. R. 346, 300 S. W. 935.

Having concluded this evidence to be inadmissible, and being of the further opinion that it was hurtful to appellant, the motion for rehearing will be granted, the judgment of affirmance set aside, and the judgment of the trial court now reversed, and the cause remanded.

### On State's Motion for Rehearing.

MORROW, P. J. The state, through its counsel, in a very forceful motion for rehearing, contends that the court was in error in granting the appellant's motion for rehearing, for the reason that bill of exceptions No. 3 was not adequate to present the error upon which the reversal of the judgment is based. Our re-examination of the bill in the light of the state's motion for rehearing leaves us of the opinion that the bill is sufficient to require review of the action of the court in receiving the testimony to the effect that, in an unsigned statement before the justice of the peace, the appellant failed to mention the connection of Charlie Tracy with the whisky in question. As we interpret the bill, it reveals the fact that the appellant, over objection, was required to declare that in this statement before the justice of the peace he made no reference to Charlie Tracy's connection with the liquor in question, thereby making use of the appellant's silence as a criminative fact against him, as is pointed out in the opinion of this court.

The motion is overruled.