### MAYES v. STATE.   (No. 12531.)

Court of Criminal Appeals of Texas. May 8, 1929.

McFarlane & McFarlane, of Graham, and Taylor, Muse & Taylor, of Wichita Falls, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is robbery with firearms; the punishment, confinement in the penitentiary for five years.

The injured party, G. B. Mathews, testified that a man whom he could not identify robbed him of approximately $8 in money. He said that he thought the party who robbed him "was just a boy." The offender exhibited a "22 target" at the time he took the injured party's money. The state introduced in evidence a purported voluntary statement in which appellant stated that he committed the offense of robbing Mr. Mathews and that he exhibited a firearm at the time he took his money. Appellant was 17 years old at the time the offense was committed.

Appellant was brought to the office of a justice of the peace. The justice of the peace was absent at the time, but the district attorney questioned him concerning the robbery. Appellant first stated to the district attorney, in the absence of the justice of the peace, that he was not present and knew nothing about the matter. The district attorney told him that he, the district attorney, knew all about it. Appellant then said: "Well, I'll tell it then, I want to tell it." When the justice of the peace appeared, the statement above referred to was taken. The testimony of the state touching a predicate for the introduction of the statement was sufficient to show that appellant was informed under the direction of the justice of the peace of his right to make a statement relative to the accusation brought against him, and that he could not be compelled to make any statement, and that if he did make a statement it might be used in evidence against him. Article 248, C. C. P. The confession and complaint each bore the same date; that is, March 26, 1928. An unsigned warrant of arrest, with no return thereon, shown to have been in the handwriting of the district attorney, was offered in evidence by appellant in an effort to prove that the purported voluntary statement was taken before a complaint had been filed. In referring to the complaint and warrant the justice of the peace said: "If my memory serves me right these papers were made prior to the making of the confession, and prior to the time that I came to the office." It was appellant's theory that the justice of the peace was not sitting as a magistrate at the time the statement in question was made, but that he was holding a court of inquiry in an effort to find out who had committed the offense. We are of the opinion that the learned trial judge erred in refusing to permit appellant to introduce in evidence the warrant of arrest. Appellant was in the custody of an officer. Unless the confession was made in a voluntary statement taken before an examining court in accordance with the provisions of articles 247 and 248, C. C. P., or unless made in accordance with the provisions of article 727, C. C. P., the confession was inadmissible. Article 727, supra, provides: "The confession shall not be used if, at the time it was made, the defendant was in jail or other place of confinement, nor while he is in the custody of an officer, unless made in the voluntary statement of accused, taken before an examining court in accordance with law, or be made in writing and signed by him; which written statement shall show that he has been warned by the person to whom the same is made: First, that he does not have to make any statement at all. Second, that any statement made may be used in evidence against him on his trial for the offense concerning which the confession is therein made; or, unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed. If the defendant is unable to write his name, and signs the statement by making his mark, such statement shall not be admitted in evidence. unless it be witnessed by some person other than a peace officer, who shall sign the same as a witness."

When a justice of the peace sits for the purpose of inquiring into a criminal accusation against any person, he sits not as a justice of the peace, but as a magistrate, and the court which he then holds is not a justice's court, but an examining court. In Brown v. State, 55 Tex. Cr. R. 572, 118 S. W. 139, Judge Davidson said: "A magistrate can never act until he has a criminal action before him, and a criminal action must be prosecuted in the name of the state against the person accused, and is conducted by some officer or person acting under the authority of the state in accordance with its laws. * * * Therefore there must be a criminal action filed against the party before the justice of the peace can act as magistrate."

Article 886, C. C. P., provides: "When a justice of the peace has good cause to believe that an offense has been, or is about to be, committed, against the laws of this state, he may summon and examine any witness in relation thereto. If it appears from the statement of any witness that an offense has been committed, the justice shall reduce said statements to writing and cause the same to be sworn to by each witness making the same;

and issue a warrant for the arrest of the offender, the same as if complaint had been made and filed."

A justice of the peace has no authority when holding a court of inquiry to take the voluntary statement of the accused. It is only when holding an examining court that such procedure is authorized. Hence, as tending to show that the justice of the peace was not holding an examining court and that there was no authority for taking the voluntary statement of appellant, it was proper to show that no complaint had been filed prior to taking the statement. The fact that the warrant of arrest had not been executed by the justice of the peace, taken in connection with the failure of the justice of the peace, upon being questioned, to state positively that a complaint had been filed before the statement was made, and the further fact that the statement and complaint bore the same date, might have been given weight by the jury as tending to show that the statement was taken in a court of inquiry, and not in an examining trial. The provisions of article 727, supra, relative to written confessions made out of court while under arrest, cannot be invoked because of the fact that it is not shown in the confession that such warning was given by the person to whom the confession was made. See Boxley v. State, 100 Tex Cr. R. 334, 273 S. W. 589, and authorities cited. It follows that the error is reversible.

The judgment is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.