ROOSEVELT HADNOT V. THE STATE.

No. 15274.   Delivered October 26, 1932.
Rehearing Denied November 23, 1932.
Reported in 54 S. W. (2d) 99.

The opinion states the case.

*Adams & Hamilton*, of Jasper, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for felony theft; punishment, two years in the penitentiary.

Our attention is called by the state's attorney with this court to the fact that the bills of exception and statement of facts are filed too late for our consideration. The limit of the time within which same may be filed, as fixed by statute, is ninety days after the giving of notice of appeal. From this record we observe that notice of appeal was given December 5, 1931. The statement of facts and bills of exception were filed on March 10, 1932. Computation shows this to be ninety-six days after the date of the notice of appeal. We are not allowed, under the statute, to consider either the bills of exception or the statement of facts. The charge of the court, the judgment and sentence are in proper form.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Due to the statement of the trial judge, the bills of exception and statement of facts have been considered.

The indictment charges the theft of property from C. C. Brown, manager of the Jasper Wholesale Grocery Company. Brown testified to the loss of a quantity of cigarettes and some bacon of the value of over $50. The loss occurred on the 4th day of July, 1931. Appellant was an employee in the store of which Brown was manager. Of the 11,000 cigarettes stolen,

3,000 were returned by the appellant, also one side of the bacon and the wrapper of another. The business house mentioned was closed on the day on which the offense was charged to have taken place. Other parts of the stolen property was found in the possession of Charlie Johnson.

Carlis Moye testified in behalf of the state that on the night of the 3rd of July, 1931, the appellant and Buster Johnson went in an automobile driven by the witness to the back of the wholesale grocery store. Appellant left the car, directing that it remain there until he returned and that no one should tell that he was going to his sister's house. After some twenty minutes he returned with a big box of cigarettes and some bacon. Part of the articles were carried to Buster Johnson's house and the remainder to the appellant's house. On cross-examination, the witness said that it was dark and that he could not swear that it was cigarettes and bacon, but that he saw packages and cartons in possession of the appellant.

The voluntary statement of the appellant made before the Justice of the Peace was introduced, in which it was stated in effect that the appellant and his half-brother, Buster Johnson, and Carlis Moye went together about nine o'clock at night to a wholesale house and got four sides of bacon and fifteen cartons of cigarettes; that they hid the stuff, and during the day appellant carried half of the cigarettes to his house and the other half went to John Parsons; that John Parsons got one side of the bacon, Buster Johnson got one, and Pete Adams got the other two sides. Appellant testified that he had never been convicted of a felony.

Exception was reserved to the introduction of the voluntary statement. The statement appears to be in accord with the statute, and its introduction in evidence is sanctioned by article 248, C. C. P., 1925.

The charge is assailed upon the ground that it failed to charge on the law of circumstantial evidence; also that it failed to charge on consent to the taking of the property; and further, that it contained an inaccurate charge on the issue of value. However, the criticisms of the charge are not deemed tenable.

The evidence is deemed quite sufficient to support the verdict.

The motion for rehearing is overruled.

*Overruled.*