ENOCH KNIGHTON v. THE STATE.

No. 16740. Delivered June 6, 1934.

The opinion states the case.

*Roi Blake* and *G. E. Richardson,* both of Jasper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

MORROW, PRESIDING JUDGE.—Theft of cattle is the offense; penalty assessed at confinement in the penitentiary for two years.

The evidence is conflicting. A general statement of the facts is as follows: Appellant lived upon a farm. Smith was the owner of some cattle. There was evidence that the cattle had depredated upon the crops of the appellant and that Smith had been requested to abate the nuisance. A dead cow was found several hundred yards from the fence of the appellant. There was evidence to the effect that after driving the cattle out of the appellant's premises at night time a dead animal was found and that with the help of neighbors he hauled it off his premises to the place where the dead cow was afterwards found. Whether the animal was shot by the appellant was a subject of conflicting evidence. On the part of the State it is claimed that meat had been cut off the animal that was found, the testimony carrying the implication that the appellant had killed the cow and used part of the carcass for food. The evidence upon that subject was likewise conflicting.

From Bill of Exception No. 1, it is shown that a justice of the peace conducted an investigation at which appellant made a voluntary statement admitting that he shot the animal in

question. In the bill there appears the following statement by the justice of the peace:

"THE STATE OF TEXAS )
"COUNTY OF JASPER, )

"I, A. L. Hudiburgh, a Justice of the Peace, in and for Prect. No. 2, Jasper County, Texas, sitting as an examining Court in the above entitled cause, do certify that the said defendant did execute and sign before me, as such examining court, the foregoing as his voluntary statement herein, before the examination of any witnesses in said case, and after I had warned him that he did not have to make any statement at all and that any statement made by him would be used in evidence against him.

"Witness my signature this 10 day of July, A. D. 1933.

"_____

"Justice of the Peace in and for Jasper County, Texas, Prect. No. 2."

Objection to the reception of the statement in evidence was made and overruled and exception thereto duly reserved.

In support of his claim that error was committed, appellant cites articles 248 and 296, C. C. P., 1925; also Amayo v. State, 108 Texas Crim. Rep., 346; Pineda v. State, 100 Texas Crim. Rep., 637. Apparently the appellant's contention that the unsigned statement should have been excluded in the trial court upon his exception thereto is sound. See Coleman v. State, 20 S. W. (2d) 1060, on motion for rehearing; Hadnot v. State, 54 S. W. (2d) 99; Mays v. State, 112 Texas Crim. Rep., 441; Brown v. State, 100 Texas Crim. Rep., 326. See also Title 5, chap. 3, C. C. P., 1925.

In his testimony the appellant declared that he made no inculpatory statement and that he declined to sign the one prepared by the magistrate for the reason that it was not true. The statute controlling the introduction of statements is article 248, C. C. P., 1925, which reads as follows:

"If the accused desires to make a voluntary statement, he may do so before the examination of any witness, but not afterward. His statement shall be reduced to writing by or under the direction of the magistrate, or by the accused or his counsel, and shall be signed by the accused by affixing his name or mark, but shall not be sworn to by him. The magistrate shall attest by his own certificate and signature to the execution and signing of the statement."

To authorize the introduction in evidence of a statement such

as that in the instant case, it must bear the signature of the accused and be authenticated by the signature of the magistrate. In the present instance, neither of these requisites appears from the record.

Bill No. 2 deals with the same subject as Bill No. 1.

Bill No. 3 reflects the complaint of the appellant of the refusal to read to the jury his special charge to the effect that if appellant did not kill the cow but upon finding a dead cow he hauled it to the woods and cut off part of the meat and carried it home for his own benefit, he would not be guilty of the theft of the cow. In other words, the jury should have been made to understand that although appellant hauled the cow away and cut off part of the meat for his own use, he would not be guilty of theft unless he had killed the cow. Upon the evidence before him, the court should have given the instruction to the jury.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*