GEORGE TAGGART V. THE STATE.

No. 23251. Delivered January 16, 1946.

The opinion states the case.

*Jerry D'Unger*, of Corpus Christi, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for murder, with punishment assessed at confinement in the State penitentiary for five years.

The State's case was one of circumstantial evidence.

Appellant was first charged by complaint in the justice court with the murder. He was arrested and carried before the justice of the peace sitting as a magistrate in an examining court. Upon that hearing and after the complaint had been first read to him, appellant was warned by State's counsel at the direction of the magistrate (a) that he could make a voluntary statement relative to the accusation if he so desired; (b) that any statement he might make would not be under oath; (c) that he did not have to make any statement at all; (d) that any statement he made would be without promise of reward or clemency on the part of the officers and might be used against him upon the trial of any charge then pending against him. Art. 247, C. C. P.

After such warning, the appellant made an oral statement, which was taken in shorthand by a reporter and subsequently reduced to writing. The statement was incriminating and tended to connect appellant with the murder. The statement so made and reduced to writing was not signed by the appellant. The magistrate did not attest by his own certificate and signature to the execution and signing of the statement.

Upon the trial of this case, the statement was admitted in evidence over appellant's objection that the requirement of Article 248, C. C. P., requiring that the statement be signed by

the accused and attested by the magistrate certifying to the execution and signing of the statement, had not been complied with. The statement was subject to the objection urged and was inadmissible. Amayo v. State, 108 Tex. Cr. R. 346, 300 S. W. 935; Knighton v. State, 126 Tex. Cr. R. 436, 72 S. W. (2d) 602.

It is suggested that the statement was admissible as a voluntary statement made while under arrest, which conduced to establish guilt, and was found to be true, under the provisions of Art. 727, C. C. P.

The statement was not admissible for that reason, because it disclosed no information or matter which was not known to the officers prior to the making of the statement. Lovell v. State, 138 Tex. Cr. R. 134, 134 S. W. (2d) 266; Baggett v. State, 65 Tex. Cr. R. 425, 144 S. W. 1136; Willoughby v. State, 87 Tex. Cr. R. 40, 219 S. W. 468.

For the error pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.