**Robert SHELTON, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

No. 30949.

Court of Criminal Appeals of Texas.

Nov. 4, 1959.

Clyde Boose, Carl M. Anderson, Sweetwater, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for rape; the punishment, life.

The disposition hereof makes a summary of the facts unnecessary.

Appellant complains of the trial court permitting Gene Graves, a Texas Ranger, to testify over objection that while under arrest, appellant told him about a bed he made in a railroad car loaded with gyp rock at Longworth, and what he found in

checking out appellant's statement about the bed; and further complains of Deputy Sheriff Bratcher's testimony, over his objection that he was under arrest, that the appellant "took him out here to the roundhouse where he was to show me where he had spent part of the night, the night this incident happened."

Ranger Graves testified that he went to Longworth but was unable to locate the car because it had been moved, and that he later located it at a gyp mill near Hamlin. He further testified that he saw a bed inside the car which met the description appellant had given him, and that it consisted of "a bunch of weeds that had been laid in this car, old dead weeds, and a piece of sheet rock piled on top of this rock that was loaded in the car."

The testimony of the state shows that the offense charged occurred about two miles from the city of Sweetwater; and that Longworth is a small town on a railroad a short distance from Sweetwater.

Appellant was under arrest at all times here in question; the oral statements complained of were not res gestae, and appellant did not testify. No written statement signed by the appellant was introduced in evidence.

Art. 727, Code Cr.Proc. requires a warning and a written signed statement before a confession is admissible.

> "* * * unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed. * * *"

The oral statements about the bed appellant made in the railroad car at Longworth, and the finding of the bed as he described does not embody any fact or circumstance found to be true which incriminates the appellant in the commission of the offense of rape, and shows nothing which conduces to establish his guilt. The facts found to be true as a result of such statements were not inculpatory. Hence they were not admissible in evidence under the provisions of Art. 727, supra. Such statements and the facts found to be true in connection therewith placed appellant in the vicinity where the alleged offense occurred, and they could have been used to his injury by the jury during their deliberations. Therefore their admission in evidence was prejudicial to the rights of the appellant, and calls for a reversal. 18 Tex.Juris. 179, sec. 97; 1 Branch 2 Ed., 89, sec. 86; Owens v. State, 16 Tex.App. 448; Warren v. State, 29 Tex. 369, 370.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.