PAUL GLEN PERDUE V. STATE

No. 34,614.   June 6, 1962

C. O. McMillan, Stephenville, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, 6 years.

The state relied upon circumstantial evidence. One circumstance was that tracks impressed on the floor of the burglarized premises were, in size and description, such as would be made by a pair of shoes which appellant said he owned and which were introduced in evidence.

Appellant's oral statement that he owned such a pair of shoes was made while he was in jail. The sheriff was looking for shoes that made the tracks in the burglarized building.

Art. 727 V.A.C.C.P. prohibits the use of defendant's oral confession made while in jail, or in custody of an officer, "unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instruction with which he states the offense was committed."

Appellant's oral statement and the shoes were admitted in

evidence, over proper objection, as being admissible under the quoted exception.

The fact that the shoes which appellant said he owned were produced and turned over to the sheriff did not conduce to establish his guilt in the commission of the burglary. At most, the production of the shoes corroborated appellant's statement that he owned them. Appellant made no admission that he wore the shoes, or that he committed the burglary. No individual distinguishing marks were found on the shoes from which it could be determined that the tracks were made by them, and not by other shoes of the same size and design made by the same manufacturer.

That the tracks in the building were made by such a pair of shoes was known to the officers before appellant's statement was made.

The evidence relating to appellant's oral statement made while under arrest could have been used by the jury to his injury, and the admission thereof was in violation of the statute; was prejudicial and calls for reversal. Shelton v. State, 168 Texas Cr. Rep. 432, 328 S.W. 2d 445, and cases cited.

The judgment is reversed and the cause remanded.