**In the Matter of R.L.S., Appellant.**

No. 6771.

Court of Civil Appeals of Texas, El Paso.

Dec. 29, 1978.

Mike Wade, Monahans, for appellant.

Ed Keys, County Atty., Monahans, for appellee.

## OPINION

OSBORN, Justice.

This case involves the question of the admissibility of an oral confession of a minor under Section 51.09(b)(2) of the Texas Family Code. Having concluded that the confession was not admissible, the case is reversed and remanded to the trial Court.

The Appellant, R.L.S., and a companion broke into the Monahans High School field house during the early morning hours of November 13, 1977. They did substantial damage to the equipment located in the building. On the same occasion, they damaged other property, including two automobiles. Later that day, the Monahans Chief of Police inspected the field house and found the building had been vandalized. He also discovered the damaged vehicles near the field house. The following morning he had R.L.S. and a companion "picked up" and taken to the police station. He read R.L.S. his "*Miranda* rights." The boy did not request a lawyer and said he understood his rights. The officer then proceeded to question R.L.S., and the boy admitted breaking in the field house and "wrecking the place." He also admitted damaging the cars.

The Court considered the oral confession at the adjudication hearing at which it was determined that R.L.S. had engaged in delinquent conduct. Appellant's first point asserts the trial Court erred in admitting the oral confession over his objection that it was not admissible under Section 51.-09(b)(2). This provision of the Texas Family Code provides:

"(b) Notwithstanding any of the provisions of Subsection (a) of this section, the statement of a child is admissible in evidence in any future proceeding concerning the matter about which the statement was given if:

\* \* \* \* \* \*

"(2) it be made orally and the child makes a statement of facts or circumstances that are found to be true, which conduct tends to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

Prior to the 1975 amendment, any waiver of a right against self-incrimination had to be voluntarily made in writing or in recorded Court proceedings with consent of counsel after the accused had been informed of his rights and the consequence of waiving them. Sec. 51.09(a); 5 Tex.Tech.L.Rev. 524 (1974). There was good reason for these

requirements. *In re S.E.B.*, 514 S.W.2d 948 (Tex.Civ.App.—El Paso 1974, no writ).

Apparently having concluded that these restrictions were overly burdensome on law enforcement personnel, the Legislature in 1975 added paragraph (b). We are concerned only with paragraph (b)(2) which concerns oral statements. The basis for that new provision in the Code is set forth in two law review articles as follows:

"Subdivision (b)(2) attempts to track the language of article 38.22[1](e) by permitting an oral statement to be introduced into evidence if it has led to substantiating evidence. Article 38.22[1](e) contains the phrase 'which conduce to establish his guilt.' It was apparently by mistake that the amendment here states instead 'which conduct tends to establish his guilt.' * * * "

Dawson, "Delinquent Children and Children in Need of Supervision," 8 Tex.Tech.L.Rev. 119 at 132 (1976).

"Paragraph (b)(2) was added to section 51.09 in an apparent attempt to allow *oral* confessions in juvenile court if the confession leads to evidence, in a fashion similar to Tex.Code Crim.Proc.Ann. art. 38.22, Sec. 1(e) (Supp. 1975–76). * * "

Steele, "Criminal Law and Procedure," 30 Sw.L.J. 315 at 346, n. 196.

When we look to the criminal law cases involving Article 38.22, Tex.Code Crim.Proc.Ann., they make it abundantly clear that the statement of the accused must lead to the discovery of items or information previously unknown to the State in order for the confession to be admissible. In *Chase v. State*, 508 S.W.2d 605 (Tex. Crim.App. 1974), cert. denied, 419 U.S. 840, 95 S.Ct. 71, 42 L.Ed.2d 68, the Court said:

"The facts found to be true must be incriminating. *Shelton v. State*, 168 Tex. Cr.R. 432, 328 S.W.2d 445. When the facts or circumstances asserted have not led to the discovery of items or information previously unknown to the State, confessions have been held inadmissible. *Taggart v. State*, 149 Tex.Cr.R. 91, 191 S.W.2d 728; *Willoughby v. State*, 87 Tex.

Cr.R. 40, 219 S.W. 468; *Baggett v. State*, 65 Tex.Cr.R. 425, 144 S.W. 1136. When, however, the statement of the accused has led to the discovery of items or information not theretofore discovered by the State, the 'found to be true' requirement of Article 38.22, Section 1, V.A.C.C.P., has been satisfied. *Wilson v. State*, Tex.Cr. App., 473 S.W.2d 532 (recovery of stolen vehicle); *Ashley v. State, supra* (identification of keys in defendant's possession); *Stelman v. State*, 123 Tex.Cr.R. 330, 58 S.W.2d 831 (location of victim and victim's wound); *Sweat v. State*, 115 Tex. Cr.R. 130, 29 S.W.2d 756 (location of burglary and identification of stolen property); *Williams v. State*, 115 Tex.Cr.R. 28, 27 S.W.2d 233 (location of murder).

"The foregoing authorities dictate that Article 38.22, Section 1(e), V.A.C.C.P., requires that some evidence be found as a result of the defendant's statement which bolsters the reliability of the facts and circumstances in the statement that conduce to establish guilt."

Similar language was used in *McGilvery v. State*, 533 S.W.2d 24 (Tex.Crim.App. 1976), where the Court said:

"The general rule is that oral confessions by defendants in police custody are not admissible at trial. *Smith v. State*, Tex.Cr.App., 514 S.W.2d 749, 752; *Pierson v. State*, 145 Tex.Cr.R. 388, 168 S.W.2d 256, 258–259. The above quoted statute provides an exception to the general rule. When a defendant's in-custody statement of facts or circumstances which conduce to establish his guilt is found to be true, the statute permits introduction of the statement at trial. The facts or circumstances stated must be shown to conduce to establish guilt by showing that the statement led to the discovery of items or *information* not previously discovered by the State, and must be incriminating. *Chase v. State*, Tex.Cr. App., 508 S.W.2d 605, cert. denied, 419 U.S. 840, 95 S.Ct. 71, 42 L.Ed.2d 68 (1974); *Ashley v. State*, Tex.Cr.App., 362 S.W.2d 847, cert. denied, 372 U.S. 956, 83 S.Ct. 955, 10 L.Ed.2d 10 (1963); cf. *Smith v. State*, Tex.Cr.App., 514 S.W.2d 749."

The Court, in *Meza v. State*, 543 S.W.2d 189 (Tex.Civ.App.—Austin 1976, no writ), found no error in the admissibility of an oral statement under Article 51.09(b)(2), but did note in its opinion that the confession resulted in the location of hidden rifle shells previously unknown to the State. In this case, the oral statement did not lead to any item or information not previously known to the State. Thus, we conclude that the confession was not admissible, and it having been received in evidence probably resulted in harm to the Appellee. Point of Error No. 1 is sustained. It is not necessary that we pass on the other points of error.

The judgment of the trial Court is reversed and the case is remanded to the trial Court for further consideration in accordance with this opinion.